```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                        Criminal No. 18-cr-160-JL
                                            Opinion No. 2018 DNH 228

Eleazar Flores-Mora

**<u>MEMORANDUM ORDER</u>**

Resolution of this motion to dismiss a criminal indictment turns on whether the Immigration Court had jurisdiction to order the defendant removed. The grand jury charged defendant Eleazar Flores-Mora with one count of reentry after deportation in violation of 8 U.S.C. § 1326.[1] Flores-Mora, who has previously been deported from the United States, seeks dismissal of this charge through a collateral attack on his removal order. Specifically, he argues that, under the Supreme Court's recent decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), the Immigration Court that ordered his removal in 2013 lacked subject-matter jurisdiction to issue his final removal order. As a result of that order's infirmity, he argues that his present charge of reentry after deportation lacks the necessary predicate of a valid deportation.

---

[1] Indictment (doc. no. 11).

To collaterally attack a removal predicate to a charge for illegal reentry, a defendant must generally satisfy the requirements of 8 U.S.C. § 1326(d). Flores-Mora has not done so here. Nor is the court inclined to extend Pereira's narrow holding to divest an immigration court of jurisdiction over removal proceedings where the initial notice to appear lacked the time and date of the removal hearing, especially where a subsequent notice conveyed that information to the defendant such that he appeared. Accordingly, the court denies Flores-Mora's motion to dismiss his indictment.

I. **Background**

Flores-Mora, a citizen of Mexico, first entered the United States in 1995. He never obtained legal immigration status. Immigration and Customs Enforcement (ICE) served him with a Notice to Appear for removal proceedings in September 2009, which charged him with removability for entering the United States without inspection.[2] The notice listed the date and time of his removal hearings as "to be set."[3] Flores-Mora signed the Notice to Appear, thereby acknowledging his receipt and

---

[2] Gov't Ex. 1 (doc. no. 19-1).

[3] Id. at 18R248-19.

2

understanding of the document,[4] and was then released on his own recognizance.

On February 4, 2010, he was served with a hearing notice, which set the time and date for his removal hearing for June 24 2010 at 9:00am.[5] Flores-Mora appeared at the hearing. He received notices of four subsequent removal hearings[6] and appeared at three of them. He failed to appear at a hearing scheduled for May 19, 2011, apparently for medical reasons, though his counsel was present.[7] The Immigration Judge ordered Flores-Mora removed in absentia. Flores-Mora never moved to reopen his proceedings nor appealed the decision.

On February 19, 2013, ICE arrested Flores-Mora in Manchester, New Hampshire. He was deported to Mexico. Flores-Mora returned to the United States at some point thereafter and ICE arrested him in Manchester on August 28, 2018, leading to his present indictment for illegal reentry.

## II. **Analysis**

Generally, to successfully attack a deportation order underlying a charge of illegal reentry, the defendant must

---

[4] Id. at 18R248-20.

[5] Gov't Ex. 2 (doc. no. 19-2) at 6.

[6] Id. at 2-5.

[7] Id. at 1; Obj. to Mot. to Dismiss (doc. no. 19) at 2-3.

demonstrate that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). Flores-Mora has not satisfied these requirements. Nor does he argue that he has. Rather, he contends that the Immigration Court lacked subject-matter jurisdiction to issue that order, rendering his final deportation order void. Concluding that the Immigration Court had subject-matter jurisdiction, the court denies his motion to dismiss.

**A. Immigration Court's subject-matter jurisdiction**

Flores-Mora argues that the Immigration Court lacked subject-matter jurisdiction to issue his removal order because the initial notice to appear before it failed to designate a specific time or place for his appearance.[8] He derives this argument from the definition of "notice to appear" in 8 U.S.C. § 1229(a)(1), regulations promulgated under that statute, and a broad interpretation of the Supreme Court's recent decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018). The court declines to adopt so broad an interpretation of that decision and

---

[8] Mot. to Dismiss (doc. no. 15) at 3-7.

4

concludes that lack of the time and place in Flores-Mora's initial notice to appear did not divest the Immigration Court of subject-matter jurisdiction to issue his removal order.

Under the applicable regulations, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a). A "charging document" is "the written instrument which initiates a proceeding before an Immigration Judge." Id. § 1003.13. A "Notice to Appear" is one such document. Id.

A related statute provides that written notice, called a "notice to appear," must be given to an alien in removal proceedings, and that such written notice must specify, among other things, "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). "[I]n the case of any change or postponement in the time and place of such proceedings . . . a written notice shall be given in person to the alien . . . specifying," among other things, "the new time or place of the proceedings." Id. § 1229(a)(2)(A)(i).

Pursuant to regulations promulgated under 8 U.S.C. § 1228(a), allowing that "the Service shall provide in the Notice to Appear, the time, place and date of the initial removal hearing, where practicable," 8 C.F.R. § 1003.18 (emphasis added), Flores-Mora's initial Notice to Appear did not

5

include the time and date of the hearing. Instead, it indicated that those were "to be set."[9] The regulations further provided that, if the time and date were "not contained in the Notice to Appear, the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing."[10] 8 C.F.R. § 1003.18. It did so in Flores-Mora's case, setting five subsequent hearings and providing Flores-Mora notice, including the date and time, of each one.[11] Flores-Mora attended four of those hearings; his counsel attended the last. The Immigration Judge subsequently ordered his removal.

In Pereira, the Supreme Court interpreted § 1229(a) in the context of the stop-time rule, holding that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." 138 S. Ct. at 2113-14. Under that rule, "any period of

---

[9] Gov't Ex. 1 (doc. no. 19-1) at 18R248-19.

[10] At oral argument, the defendant suggested that Pereira explicitly rejected this regulation. The court does not read Pereira to do so, except perhaps as to its application in the context of the stop-time rule. Even if Pereira rejected it, explicitly or implicitly, the Court in no way indicated that the lack of a time or date on the initial Notice to Appear divested the Immigration Court of jurisdiction as provided by 8 C.F.R. § 1003.14(a).

[11] Gov't Ex. 2 (doc. no. 19-2) at 2-6.

6

. . . continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title." Id. § 1229b(d)(1)(A). This is important to certain forms of discretionary relief that may be afforded to nonpermanent residents who have, among other requirements, "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [an] application" for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A).

Invoking Pereira, Flores-Mora argues that his initial Notice to Appear was not a "Notice to Appear" for purposes of 8 C.F.R. § 1003.13, and thus could not constitute a "charging document" under 8 C.F.R. § 1003.14(a), because it did not indicate the time and date of the hearing, as required by 8 U.S.C. § 1229(a) under the interpretation in Pereira. And, he argues, because no "charging document" was filed with the Immigration Court, jurisdiction never vested in that court. His 2013 removal order thus lacked the force of law, he concludes, and therefore cannot serve as a predicate removal for purposes of 8 U.S.C. § 1326.

A few courts have adopted this interpretation of Pereira, granting motions to dismiss on this basis. E.g., United States v. Valladares, No. 17-cr-156-SS, slip op. at 12-13 (Oct. 30, 2018); United States v. Virgen-Ponce, 320 F. Supp. 3d 1164, 1166

(E.D. Wash. 2018); United States v. Zapata-Cortinas, No. SA-18-CR-00343-OLG, 2018 WL 4770868, at *3-4 (W.D. Tex. Oct. 2, 2018); United States v. Pedroza-Rocha, No. EP-18-cr-1286-DB, 2018 U.S. Dist. LEXIS 178633, at *9-10 (W.D. Tex. Sep. 21, 2018).

The majority, however, have rejected it--especially where, unlike Pereira but like this case, the defendant did receive notice of the time and date of his hearing and appeared. E.g., United States v. Mendoza-Sanchez, No. 17-CR-189-JD, 2018 WL 5816346, at *3 (D.N.H. Nov. 5, 2018) (DiClerico, J.); Romero-Colindres, 2018 WL 5084877, at *2; United States v. Larios-Ajualat, No. 18-10076-JWB, 2018 WL 5013522, at *6-7 (D. Kan. Oct. 15, 2018); Lira-Ramirez, 2018 WL 5013523, at *6-7; United States v. Rosa Fernandez, No. 7:18-CR-11-BO-1, 2018 WL 4976804, at *1 (E.D.N.C. Oct. 15, 2018); United States v. Munoz-Alvarado, No. CR-18-171-C, 2018 WL 4762134, at *1 (W.D. Okla. Oct. 2, 2018); United States v. Ibarra-Rodriguez, No. CR-18-190-M, 2018 WL 4608503, at *2-3 (W.D. Okla. Sept. 25, 2018); United States v. Morales-Hernandez, No. CR1800365TUCRCCJR, 2018 WL 4492377 (D. Ariz. Sept. 18, 2018).

This court is likewise disinclined to extend Pereira to this context. First, nowhere in Pereira did the Supreme Court suggest that its interpretation of § 1229(a) vis-à-vis the stop-time rule acted to strip immigration courts of jurisdiction over removal proceedings. To the contrary, the Court emphasized the

8

narrow scope of its ruling. See Pereira, 138 S. Ct. at 2110 (describing "[t]he narrow question in this case" as whether a notice to appear that "fails to specify either the time or place of the removal proceedings . . . trigger[s] the stop-time rule"); id. at 2113 (describing the question addressed as "much narrower" than the question presented by the appellant).

Second, unlike the stop-time rule, neither the jurisdiction-vesting provision of 8 C.F.R. § 1003.14(a) nor the definition of charging document under § 1003.13 expressly requires that a notice to appear contain the information set forth in § 1229(a). Nor do they cross-reference § 1229(a) when defining the notice to appear, as the stop-time rule does.

Finally, even assuming that the initial notice to appear ran afoul of § 1229(a) in a manner that precluded the Immigration Court from exercising jurisdiction, the subsequent notice of hearing setting a date and time cured any defect in the initial notice to appear. See Rosa Fernandez, 2018 WL 4976804, at *1. While the analogy is not perfect, it is instructive that a federal district court may lack subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity) where the plaintiff failed to allege in its complaint the citizenship of the parties or an amount in controversy over § 75,000. See Milford-Bennington R. Co. v. Pan Am Railways, Inc., 695 F.3d 175, 178 (1st Cir. 2012) (plaintiff has burden of pleading facts

9

in support of diversity jurisdiction).  The court may, however, exercise jurisdiction over such a case after the plaintiff amends the complaint to include the necessary jurisdictional facts.  That is to say, the lack of jurisdictional information is not in and of itself fatal to the court's jurisdiction; just as it may be cured in the civil context, the subsequent written notice informing Flores-Mora of the time and date of his proceedings cured any defect in the original Notice to Appear.

    **B.    Section 1326(d) requirements**

Having concluded that the lack of time or date on the original notice to appear did not deprive the Immigration Court of subject-matter jurisdiction to issue a removal order, the court turns to whether Flores-Mora has satisfied the requirements for mounting a collateral challenge to such an order under 8 U.S.C. § 1326(d).  He has not.

    **1.    Exhaustion of administrative remedies**

First, Flores-Mora has not demonstrated -- indeed, has not attempted to demonstrate -- that he exhausted his administrative remedies.  See 8 U.S.C. § 1326(d)(1).  Appeal of a removal order "to the Board of Immigration Appeals (BIA) is such an administrative remedy, and . . . failure to take such an appeal constitutes a failure of exhaustion."  United States v. DeLeon, 444 F.3d 41, 50 (1st Cir. 2006).

Flores-Mora does not claim that he appealed his removal order to the BIA. He argues, instead, that his underlying removal order was unlawful because the Immigration Court lacked jurisdiction to issue it.[12] Some courts have acknowledged that "exhaustion is not required . . . where the administrative proceeding would be void." Shawnee Coal Co. v. Andrus, 661 F.2d 1083, 1093 (6th Cir. 1981). Cf. United States v. Romero-Colindres, No. 1:18-CR-00415, 2018 WL 5084877, at *2 (N.D. Ohio Oct. 18, 2018) (addressing this argument in the § 1326(d) context). As explained supra Part II.A, however, Flores-Mora's initial Notice to Appear did not deprive the Immigration Court of jurisdiction, rendering this argument moot.

C. **Deprivation of opportunity for judicial review**

Nor has Flores-Mora must argued that his deportation proceedings "deprived [him] of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2). An Immigration Judge's "failure to adequately explain the availability of relief, resulting in an uninformed waiver of the right to appeal, [is] an error that deprive[s] [defendants] of their opportunity for judicial review." United States v. Luna, 436 F.3d 312, 319 (1st Cir. 2006) (citing United States v. Mendoza-Lopez, 481 U.S. 828, 842 (1987)). Nothing in the record suggests a failure of that

---

[12] Mot. to Dismiss (doc. no. 15) at 3-7.

11

nature--or any other deprivation of an opportunity for judicial review--in Flores-Mora's case.

   D.   **Fundamental fairness**

Finally, Flores-Mora has not demonstrated that "the entry of [his removal] order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). To satisfy this requirement, the defendant must demonstrate both "a procedural error and prejudice." Luna, 436 F.3d at 319. Specifically, he must "show prejudice in the sense of a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred." United States v. Loaisiga, 104 F.3d 484, 487 (1st Cir. 1997).

Flores-Mora received notice of the hearings and attended all but the last, which his counsel attended. He thus cannot demonstrate the prejudice required to satisfy that requirement-- that "the result would have been different if the error in the deportation proceeding had not occurred." Loaisiga, 104 F.3d 484, 487 (1st Cir. 1997).

III. <u>Conclusion</u>

The Immigration Court had jurisdiction to issue Flores-Mora's removal order and he has not satisfied the requirements set forth in 8 U.S.C. § 1326(d) for mounting a collateral attack

on that order.  His motion to dismiss his indictment[13] is, therefore, DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  November 19, 2018

cc:  Helen W. Fitzgibbon, AUSA
     Jeffrey R. Levin, Esq.

---

[13] Doc. no. 15.