```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                      Civil No. 18-cr-160/01-JL
                                              Opinion No. 2019 DNH 030P

<u>Eleazar Flores-Mora</u>


**<u>MEMORANDUM ORDER</u>**


    Defendant Eleazar Flores-Mora has filed several motions in limine ahead of his jury trial on one count of unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a).  Many of these motions have been resolved by the prosecution's representations, in its filings and at the final pretrial conferences, that it will not seek to admit certain types of evidence and that it intends to lay a proper foundation for otherwise admissible evidence through witness testimony.  The parties have also stipulated to the admission of certain exhibits, resolving other motions.[1]  The court addresses the remaining motions in turn.

    The court reminds the parties that these rulings are made without prejudice to revisiting particular issues in response to circumstances that might arise during trial.  Furthermore, these rulings are limited to grounds argued in the parties' filings

---

[1] Stipulation re Exhibits (doc. no. 58).

and raised at the final pretrial conferences.  The court reserves the right to assess other factors at trial, such as hearsay, authenticity, and best evidence, see Fed. R. Evid. 800 et seq., 900 et seq., and 1000 et seq., and where appropriate, arguments and grounds not raised by counsel.

I.     **Tattoo**

The prosecution alleges that Flores-Mora has a tattoo on his arm reading "Hecho en Mexico," which translates as "Made in Mexico," with an illustration of an Aztec eagle head, a design established by the Mexican government to identify products manufactured in Mexico.  It intends to present testimony by a Homeland Security agent that he noted and photographed the tattoo during a 2009 encounter in which Flores-Mora admitted entering the country illegally.  It also plans to ask Flores-Mora to show his arm to the jury.

Flores-Mora moves to suppress any evidence regarding this alleged tattoo.  He argues that any such evidence would be irrelevant, potentially misleading, and prejudicial and so should be excluded under Federal Rules of Evidence 401, 402, and 403.  It is irrelevant, he contends, because he has not put his identity at issue and, even if identity is relevant, the prosecution has ample other evidence to prove identity.  He argues that the tattoo might be construed as an admission of

alienage, when it might just as likely refer only to his Mexican heritage.  And, he suggests, the tattoo might be misconstrued as a gang sign, creating prejudice.

The court denies Flores-Mora's motion.  Evidence about the tattoo is probative of both identity and alienage.  While Flores-Mora argues that he has not put his identity at issue, the prosecution bears the burden of proving that Flores-Mora is an alien and has been previously deported. United States v. Contreras Palacios, 492 F.3d 39, 42 (1st Cir. 2007) ("To secure a conviction under 8 U.S.C. § 1326, the government must prove that the defendant:  (1) is an alien, (2) was previously deported, and (3) thereafter entered, or attempted to enter, the United States without permission.").  The nature of the charge puts Flores-Mora's identity at issue, as his legal status and whether he has been deported are facts closely linked to his identity.  The two cases Flores-Mora cites involved significant concessions of identity by the defendant, which Flores-Mora has not offered (and of course has no obligation to offer).  See United States v. Aranda-Diaz, No. CR 12-2686 JB, 2014 U.S. Dist. LEXIS 2241 at *14 (D.N.M. Jan. 7, 2014) (tattoo evidence excluded after defendant pleaded guilty to felon-in-possession charge and would not contest being driver of car during controlled purchase); United States v. Washington, No. 16-cr-477, 2017 U.S. Dist. LEXIS 136220 at 36-37 (N.D. Ill. Aug. 21,

2017) (defendant could conceal facial tattoos during trial only if he conceded that he was the individual in pictures allegedly showing him illegally possessing a firearm.).

Furthermore, the content of this alleged tattoo is probative of alienage. Proving alienage is an element of the charged offense. Contreras Palacios, 492 F.3d at 42. One obvious reason one might get a "Hecho en Mexico" tattoo is that one was born in Mexico. And true enough, other reasons include one's Mexican heritage or love of Mexico and things Mexican. But the existence of alternative explanations does not render such a tattoo irrelevant. Whether Flores-Mora was born in Mexico is relevant to alienage. Flores-Mora is free to present alternative reasons for getting such a tattoo to the jury through cross-examination, direct evidence, or proper argument in summation.

The alleged tattoo's probative value to identity and alienage is not outweighed by any potential confusion or prejudice. See Fed. R. Evid. 403. The prosecution thus may present this evidence. Flores-Mora may, if he so wishes, request a limiting instruction to the jury (addressing gang affiliation or any other irrelevant or prejudicial issue) to cure any residual prejudice. See Fed. R. Evid. 105.

4

## II. Database search testimony

Flores-Mora moves to preclude the prosecution from presenting testimony by a government specialist that he searched federal immigration databases and found no record of Flores-Mora applying for permission to reenter the United States. He first argues that this evidence would violate the best evidence rule, by using testimony rather than presenting some report from the database itself.

The best evidence rule, set forth in Federal Rule of Evidence 1002, provides: "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. In support of the argument that the best evidence rule applies to the government specialist's testimony, Flores-Mora relies on United States v. Bennett, in which the Ninth Circuit Court of Appeals found that the best evidence rule applied to testimony about the contents of a global positioning system. 363 F. 3d 947 (9th Cir. 2004). But the Ninth Circuit has squarely distinguished Bennett from the type of testimony at issue here. In United States v. Diaz-Lopez, it held that "testimony of a search of a computer database revealed no record of a matter" does not trigger the best evidence rule, because it concerns the absence of data rather than the contents of data. 625 F.3d 1198, 1200-03 (9th Cir. 2010) (considering testimony

that a database showed no record defendant had applied for readmission to the United States). The court agrees and finds no violation of the best evidence rule.

Flores-Mora also argues that the proposed testimony violates Federal Rules of Evidence 401, 403, 702, 802 and his rights under the Fifth and Sixth Amendments to the United States Constitution because the government specialist likely lacks personal (see Federal Rule of Evidence 602) or expert knowledge about various aspects of the databases. The Ninth Circuit Court of Appeals considered and rejected a similar argument in Diaz-Lopez: "For the purposes of establishing foundation, it was sufficient that the agent testified that he was familiar with both the process of searching the records and the government's recordkeeping practices with regard to the database." Diaz-Lopez, 625 F.3d at 1200. Assuming that the prosecution's witness here provides similar testimony, this is sufficient. Flores-Mora has not seriously challenged the reliability of the databases at issue, and the prosecution is not seeking to prove the contents of the information in the database. See id. Flores-Mora has offered no on-point authority to the contrary. He is free to attack the witnesses' level of knowledge regarding the databases, but this goes to the weight of the specialist's testimony, rather than its admissibility. See id. His motion to preclude the testimony is thus denied.

### III. Use of "alien"

Flores-Mora moves to preclude witnesses from referring to him as an "alien," because alienage is an element of the offense that the jury, rather than any witness, must determine, and because the term has pejorative connotations that would be avoided by substituting a term like "noncitizen."

Again, alienage is an element of the charged offense. Contreras Palacios, 492 F.3d at 42. And, as Flores-Mora acknowledges, "alien" is a defined term in the Immigration and Nationality Act.[2] 8 U.S.C. § 1101(1)(3) ("The term 'alien' means any person not a citizen or national of the United States."). The court is not inclined to rule that a word adopted by Congress as an element of proof is so inherently prejudicial as to prohibit its use at trial.

Flores-Mora has not shown that he has any due process right to generally avoid the use of the term of "alien" at trial. The court denies this motion. But the court will ask the witnesses to refer to Flores-Mora by name or as the defendant, rather than as "an alien" or "the alien" other than when specifically referring to his legal status. Flores-Mora may also request a limiting instruction to the jury to cure any prejudice. See Fed. R. Evid. 105.

---

[2] See Def.'s Mots. in Limine (doc. no. 32) at 21.

7

## IV. Conclusion

Flores-Mora's motion to preclude evidence regarding an alleged tattoo, to preclude testimony regarding the absence of records in government databases, and to preclude the use of the term "alien" at trial are DENIED.[3]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 4, 2019

cc:  Helen W. Fitzgibbon, AUSA
     Jeffrey S. Levin, Esq.

---

[3] Document No. 32 at II.A, J, and L.