UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                        Criminal No. 18-cr-160-01-JL
                                                Opinion No. 2019 DNH 101

Eleazar Flores-Mora

## **MEMORANDUM ORDER**

This order sets forth in greater detail the bases for the court's March 5, 2019 order denying defendant Eleazar Flores-Mora's motion for reconsideration. See, e.g., United States v. Joubert, 980 F. Supp. 2d 53, 55 n.1 (D.N.H. 2014), aff'd, 778 F.3d 247 (1st Cir. 2015) (citing In re Mosley, 494 F.3d 1320, 1328 (11th Cir. 2007) (noting a district court's authority to later reduce its prior oral findings and rulings to writing)).

A jury found Flores-Mora guilty on one count of reentry after deportation in violation of 8 U.S.C. § 1326.[1] Before trial, Flores-Mora moved to dismiss this charge through a collateral attack on his prior removal order, arguing that under the Supreme Court's recent decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), the Immigration Court that ordered his removal in 2013 lacked subject-matter jurisdiction to issue his final removal order. As a result of that order's infirmity, he

---

[1] Verdict (doc. no. 63).

argued that his present charge of Reentry after Deportation lacked the necessary predicate of a valid deportation.

The court denied Flores-Mora's motion to dismiss the indictment.  See United States v. Flores-Mora, No. 18-CR-160-JL, 2018 WL 6050907 (D.N.H. Nov. 19, 2018).  In doing so, it concluded that Flores-Mora had not satisfied the requirements of 8 U.S.C. § 1326(d), as is generally necessary to collaterally attack a removal predicate to a charge for unlawful reentry.  The court also declined to extend Pereira's narrow holding to divest an Immigration Court of jurisdiction over removal proceedings where the initial notice to appear lacked the time and date of the removal hearing.  Flores-Mora moved for reconsideration of that order, also before trial.[2]  The court denied that motion,[3] and now further explains its reasoning.

"[M]otions for reconsideration are appropriate only . . . if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  They "are not to be used as 'a

---

[2] See Mot. for Reconsideration (doc. no. 34); Addendum (doc. no. 44).

[3] See Order of Mar. 5, 2019.

vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." Id. (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

Flores-Mora seeks reconsideration on three grounds, none of which warrant it.

First, Flores-Mora attempts to relitigate the scope of Pereira's holding in favor of a broader interpretation.[4] Flores-Mora raised that argument, and his proposed construction of Pereira's holding, in his motion to dismiss.[5] The court disagreed and fully explained its analysis, which was grounded in the Supreme Court's own characterization of the Pereira decision as "narrow." See Flores-Mora, 2018 WL 6050907 at *3-4. While a concurring opinion to an unpublished decision from the Eleventh Circuit Court of Appeals offers an alternative interpretation, and one that supports Flores-Mora's view, see Duran-Ortega v. U.S. Attorney General, No. 18-14563-D (11th Cir. Nov. 29, 2018), it is not authority that binds this court. It thus does not constitute a change in the law, nor does it demonstrate that this court's reasoned (and reasonable)

---

[4] Mot. for Reconsideration (doc. no. 34) at 2-4.

[5] See Mot. to Dismiss Indictment (doc. no. 15) at 3-4.

3

interpretation of Pereira constitutes a manifest error of law. See Allen, 573 F.3d at 53.

Second, Flores-Mora challenges the court's discussion of the actual notice he received as "clearly erroneous."[6] Specifically, he argues that Pereira expressly rejected the contention that § 1229's notice requirement could be satisfied by a subsequently-issued notice of hearing that included the actual hearing date. To the extent that Pereira did so, however, it did so explicitly in the context of the stop-time rule. See Pereira, 138 S. Ct. at 2110, 2113-2114, 2118. And the cases Flores-Mora cites as having been expressly rejected by Pereira[7] all addressed the same question: "Does service of a document styled as a 'notice to appear' that fails to specify 'the items listed' in § 1229(a)(1) trigger the stop-time rule?" Id. at 2113-14 (emphasis added).

In any event, this court's decision -- specifically, that an immigration court retains jurisdiction over removal proceedings when the initial notice to appear lacked the time and date of the removal hearing -- did not turn on whether Flores-Mora received actual notice. See Flores-Mora, 2018 WL 6050907 at *3-4. Rather, it turned, first, on the court's

---

[6] Mot. for Reconsideration (doc. no. 34) at 4-5.

[7] See Mot. for Reconsideration (doc. no. 34) at 4-5.

4

understanding of Pereira as limiting its application of its interpretation of § 1229(a)(1) to the stop-time rule and, second, on the fact that 8 C.F.R. § 1003.14(a), which vests jurisdiction in an immigration court "when a charging document is filed," contains no equivalent to the stop-time rule's requirement that the notice to appear contain the information set forth in § 1229(a)(1). Although the court's decision contemplated that actual, subsequent notice may cure a defect in the initial notice, it did so only "assuming that the initial notice to appear ran afoul of § 1229(a)," which, as discussed supra, the notice in question did not.

Third, Flores-Mora observes that several other district courts have concluded that the Supreme Court's interpretation of § 1229(a) in Pereira divests the immigration courts of jurisdiction over a removal action when the initial notice to appear did not include the time, date, or place of the hearing.[8] But none of these decisions constitutes binding authority on this court. And while some district courts have, in the intervening time, agreed with Flores-Mora, a large majority of those Courts of Appeals that have considered the question have agreed with this court's interpretation of Pereira. See Ali v. Barr, 924 F.3d 983, 986 (8th Cir. 2019) (joining the "the BIA

---

[8] See Mot. for Reconsideration (doc. no. 34) at 5-6.

5

and a unanimous chorus of other circuits that have considered and rejected" a broader interpretation) (citing In re Bermudez-Cota, 27 I. & N. Dec. 441, 442-47 (BIA 2018); Banegas Gomez v. Barr, 922 F.3d 101, 109-12 (2d Cir. 2019); Soriano-Mendosa v. Barr, No. 18-9535, 2019 WL 1531499, at *4 (10th Cir. Apr. 9, 2019) (unpublished); Santos-Santos v. Barr, 917 F.3d 486, 489-91 (6th Cir. 2019); Karingithi v. Whitaker, 913 F.3d 1158, 1159-62 (9th Cir. 2019)).  But cf. Ortiz Santiago v. Barr, 924 F.3d 956, 961-64 (adopting a broader interpretation of Pereira, but concluding that the statutory time, place, and date requirement is a nonjurisdictional claim-processing rule).  This additional authority therefore does not warrant reconsideration.

Finally, Flores-Mora argues in an addendum to his motion for reconsideration that due-process failures may excuse a defendant mounting a collateral attack on a removal order from demonstrating exhaustion of administrative remedies and denial of the opportunity for judicial review.[9]  See 8 U.S.C. § 1326(d).  Specifically, he argues that the Immigration Court's lack of subject-matter jurisdiction to issue his removal order, under his interpretation of Pereira, denied him due process.  Flores-Mora discussed the requirements of § 1326(d), albeit

---

[9] See Addendum (doc. no. 44).

tangentially, in his motion to dismiss the indictment.[10] He could have, but failed, to raise the issue in his original motion, thus waiving it. See Allen, 573 F.3d at 53.

Even were it not waived, Flores-Mora's new argument would still fail. Ultimately, his argument turns on whether the Immigration Court had subject-matter jurisdiction to issue Flores-Mora's predicate removal order. And because the court declines to reconsider its reading of Pereira, and thus declines to conclude that the Immigration Court lacked such jurisdiction, no due process violation excused compliance with § 1326(d) in this circumstance.

Flores-Mora's motion for reconsideration[11] of this court's order denying his motion to dismiss his indictment is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 26, 2019

cc: Helen W. Fitzgibbon, AUSA
    Jeffrey S. Levin, Esq.

---

[10] See Mot. to Dismiss Indictment (doc. no. 15) at 6.

[11] Document no. 34.

7